Evans, J.
delivered the opinion of the Court.
The first ground in this case is settled by the case of Jagers v. Estes. But this does not settle the question whether the gift is not void as to the defendant. The deed does not purport to be founded on any other consideration than love and affection and is therefore purely gratuitous and voluntary. I think it may be fairly assumed that the defendant is a subsequent purchaser without notice of the prior gift. The inference to the contrary, attempted to be deduced from the smallness of the price and the fact that he sent the woman off to the west, is by no means authorized by the evidence. The proof was that Cunningham was in the act of starting his wagon with negroes, to a plantation in Alabama or Mississippi, when Dicey Caston came to his house with the ne-groes ; that he declined to buy them, because they were not such as he wanted, and was finally induced to buy by her importunity and the low price she offered to take. The price, although lower than some of the witnesses said was the value, yet was as much, if not more, than the rest of her negroes, about the same time, brought at a public and fair sale by the sheriff; from which I should suppose the price of negroes was very low at that time. The recording of the deed in the office at Lancaster was no constructive notice to the defendant. We have no law which requires such deeds to be recorded. *63 The old Act of 1698, which is the only one on the registry of deeds of personal property, merely gives a preference, in cases of double sales, to the deed first recorded in the office of the Secretary of State. I think therefore the case rests entirely on the question whether the prior voluntary deed is void as to the defendant. By the statute, all conveyances of real estate made “ for the intent and purpose” to defraud a subsequent purchaser, are declared to be void. The construction given to this statute by the English Courts seems to have been that the title of the subsequent purchaser for valuable consideration was good, even with notice of the prior conveyance ; and in the case of Barino v. McMurray and McGill, Judge Brevard seems to have concurred in that opinion. But in the case of Hudnal v. Wilder, Judge Nott rejects this construction as unreasonable, and puts such conveyances of real and personal property on the same footing; and that, as well as other cases, since Moultrie v. Jennings, have decided a voluntary gift made bona fide, is not void as to a subsequent purchaser with notice. Some Judges have entertained the opinion that where there is no notice, the prior gift is void in law, but my own opinion is that which is expressed in the charge to the jury, and in the case of Howard v. Williams, that the act of selling, with a concealment of the prior conveyance, is a palpable fraud in itself. It is suppressio veri, and if men’s intentions can be inferred from their acts, the jury ought to conclude that the gift was made with the intent to do what was afterwards effected, viz: — to defraud a subsequent purchaser. We think that on this ground the jury should have rendered a verdict for the defendant. In addition to this I charged the jury that the defendant, under tire facts of the case, was entitled to stand on the footing of a creditor. His money, or a large part of it, had been paid into the sheriff’s office in satisfaction of the executions which had been levied on the negroes. This, in law, may not entitle him to be subrogated to the rights of creditors. But if he had purchased at sheriff’s sale he would certainly have a right to avoid the gift, if it was void as to creditors. This is so clear that I have never heard it questioned. The reason is that he has paid his money to the creditor; and that reason applies with equal force to this case. In the case of Hudnal v. Wilder, ex’tr. of Teasdale, Teasdale was a purchaser from Norris the voluntary donor fo Hudnal, yet he was allowed to impeach the gift as void because it was made by a man in insolvent circumstances and was a fraud on his creditors. Assuming therefore that Cunningham could impeach the deed as a frand on creditors, the question arises whether this deed was fraudulent. The deed was dated the 3d of February, 1834, at the time the donor’s debt as guardian of her daughter, who afterwards married Secrest, was *64 more than 1000 dollars. In May after, it was increased $750. It went on increasing, until in 1842 it was $4,600. How much she owed to other persons at the time of the gift, did not appear, but in 1842 she was indebted on judgments and executions, twelve or thirteen hundred dollars, making in all the sum of near $6,000, besides other debts not in execution: a sum greater by far than the value of all the property she possessed at the time of the gift. There was remaining unpaid a considerable debt due at the time of the gift; her debts, instead of being paid, went on increasing rapidly from year to year, until on the winding up of her affairs her debts greatly exceeded not only the value of what she had reserved, but the value of all she possessed when the gift was made. There is no case in which a voluntary gift has been supported under these circumstances. The verdict is wrong, and the motion for a new trial must be granted.
37 Ea¿ Ci ¿
50S
1 Bail. 580.
*64 RichardsoN, J. O’Neall, J.. and Frost, J. concurred.

Motion granted.